WADSWORTH v. BUGG.

Opinion delivered October 24, 1903.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—In an action by an employee for personal injuries caused by the breaking of a scaffold, in which defendant claimed that plaintiff was guilty of contributory negligence in overloading the scaffold, an instruction that if plaintiff did so overload the scaffold, and this was the proximate cause of the injury, plaintiff could not recover, provided the scaffold was properly constructed and maintained, was erroneous, as stating in effect that plaintiff could not have been guilty of contributory negligence unless defendant was free from negligence.

Appeal from Carroll Circuit Court in Chancery.

JOHN N. TILLMAN, Judge.

Bill by W. S. Wadsworth and another against G. B. Bugg, From an order sustaining a demurrer to the bill plaintiffs have appealed.

Reversed.

*C. D. James* and *J. W. & Menefee House,* for appellants.

Under the testimony plaintiff was not entitled to recover. 5 Ark. 640; 8 Ark. 155; 13 Ark. 71; 26 Ark. 309; 34 Ark. 632. Appellants were not insurers of plaintiff's safety. Ordinary care was the full measure of their duty. 35 Ark. 602; 46 Ark. 555; 44 Ark. 524; 51 Ark. 467; 59 Ark. 98; 41 Atl. 680. If the use of the platform in its condition would not probably result in some injury in the use of it, the plaintiff can not recover. 35 Ark. 602; 44 Ark. 524. If what plaintiff says was true, the danger was obvious and patent, and he assumed the risk. 41 Ark. 382, 542; 58 Ark. 125; 68 Ark. 316; 65 Ark. 98; 66 Ark. 237. There was no evidence to support the verdict. 10 Ark. 491; 26 Ark. 309; 13 Ark. 71; 8 Ark. 155; 34 Ark. 632. Exceptions to the instructions were properly saved. 50 Ark. 348; 54 Ark. 16; 59 Ark. 312; 60 Ark. 250.

*Walker & Walker*, for appellee.

Where there is a conflict in the testimony, the verdict will not be disturbed. 66 S. W. 662; 67 Ark. 47. The maxim *"Res ipsa loquitur"* applies. 41 C. C. A. 193; 54 Ark. 209; 57 Ark. 435; 57 Ark. 434. Plaintiff's negligence in no manner contributed to the injury, and is wanting in the element of proximate cause. 14 C. C. A. 483; Beach, Cont. Neg. § 149. The instructions were properly given. 60 Ark. 438; 48 Ark. 347; 100 U. S. 213; Wood, Master & S., § 329; Bailey, Master & S., 34. The master can not escape liability by delegating the duty of furnishing a safe place to work to another. 2 Am. St. 642; 52 Am. St. 896; 116 U. S. 642. The burden of showing contributory negligence is on appellant. 48 Ark. 343; 58 Ark. 125; 61 Ark. 549; Barrows, Neg., 34. Harmless errors are not cause for reversal. 51 Ark. 459; 61 Ark. 348; 48 Ark. 355; 94 U. S. 652; 51 Ark. 341; 57 Ark. 599.

BUNN, C. J. This is a bill in chancery to reverse and set aside a judgment and verdict in the circuit court of the Western district of Carroll county and grant a new trial because of inevitable accident preventing the perfection of an appeal. The bill was heard in the chancery court on a demurrer thereto, and the demurrer was sustained on the 11th of February, 1901, and the plaintiff in the bill appealed to this court.

The complaint sets out that on the 17th day of July, 1899, the defendant herein brought his suit at law in the circuit court of said district, alleging in his complaint substantially that on the 8th day of July, 1899, the said defendant herein, and plaintiff in that suit, was at work for the plaintiffs herein, and defendants therein, in the business of a hod carrier, carrying brick to masons engaged in erecting a brick building (in Eureka Springs) upon which they were, and that in the course of his employment he was injured by a fall from the scaffold prepared by these plaintiffs for his use, and that the scaffold was defectively constructed, and that its condition was known to or could have been known by these plaintiffs, by the use of ordinary care and caution, and was not known to, nor could it have been discovered by, the said defendant, by the use of ordinary care and caution, and that said injury was caused by the negligence of these plaintiffs, and that he had suffered damages to the amount of $2,500, and prayed judgment for the same. That said complaint at law was in the words and figures following, to-wit: (Then fol-

lows in the bill a copy of the complaint at law, and also the answer
to the complaint, which will be referred to in this opinion when
necessary.) Said action at law was tried by a jury in said court on
the 10th and 11th days of August, 1900, the Hon. J. M. Pittman,
the regular judge, present and presiding, and a verdict was ren-
dered on the 11th day of August, 1900, between 6 and 7 o'clock,
p. m. of that day, in favor of the plaintiff therein and the defendant
herein, and against the said defendants there, who are the plain-
tiffs here, for the sum of $650 damages. That immediately upon the
return of said verdict the court rendered judgment for said sum and
the costs accordingly, and on the same day these plaintiffs filed their
motion for a new trial. That during the trial of said cause the said
judge was quite sick, and had been so for several months, and grew
worse after the return of said verdict and rendition of said judg-
ment, and continued to grow worse, and on the 13th of said month
left Eureka Springs, where said court was being held, for his home
in Fayetteville, and died on the 22d day of August, 1900, nine days
after the said judgment, being unable during his illness to attend
to business. That on the 14th day of August, 1900, the Hon. T. H.
Fancher was chosen as special judge of said court in the usual way,
and was duly sworn, and entered upon and continued the discharge
of his duties as such until the 18th of August, 1900, when he ad-
journed said court until the next court in course. That on said
14th day of August these plaintiffs, in order to further protect their
rights in the premises, filed in said cause their written motion for
a new trial, which was called up for consideration at the earliest
opportunity, to-wit: on the 18th day of August, 1900, and the same
was overruled by said special judge. Exceptions were duly taken,
and prayer for appeal to supreme court was granted.

The evidence in the case tried is brought forward in the bill
by the official stenographic report, and so also are the instructions
given and refused in the bill of exceptions sought to be authenti-
cated as aforesaid.

The evidence, although more or less indefinite in some partic-
ulars, and perhaps necessarily so, under the circumstances, is con-
flicting as to the essential points: whether the defendants in the
suit at law were guilty of negligence in inflicting the injury upon
plaintiff by an improper construction and maintenance of the scaf-
fold, and whether or not the plaintiff in that suit was guilty of con-
tributory negligence in overloading the scaffold to the extent of

causing it to give way and producing his fall and injury, and whether or not plaintiff's physical condition at the time caused him to lose his balance and fall from the scaffold.

The defendants in the trial contended that the scaffolding was erected with skill and care, and that the fall and consequent injury of plaintiff was the result of a physical infirmity in himself; and, if otherwise, it was occasioned by his own contributory negligence in overloading the upper, or mason's, platform of the scaffold, so as to cause the same to give way and sink somewhat; that the defective plank spoken of in plaintiff's testimony was not part of the scaffold at all, but was a loose and weak plank placed by plaintiff himself on the ends of the put-locks or cross pieces outside of the uprights supporting the platform. So it was a question of the negligence of defendants primarily, and of contributory negligence on the part of the plaintiff, and there was a sharp conflict in the testimony, although from the very nature of things the evidence was not very definite for either party. Upon this state of case, the defendant asked the court to give the following instruction, which is numbered 2, to-wit:

"I charge you that, if you find from the evidence that the plaintiff overloaded the scaffold with brick, and that overloading was the proximate cause of the giving away of the scaffold, if you find that it gave way, then the plaintiff would be guilty of contributory negligence, and can not recover."

The court refused to give this instruction as asked, but gave it in a modified form, to which the defendants objected, to-wit:

"I charge you that if you find from the evidence that the plaintiff overloaded the scaffold, which he claimed gave way with him, with brick, and you believe such overloading was the proximate cause of the giving way of said scaffold, if you find it did give way, by a preponderance of evidence, then the plaintiff would be guilty of contributory negligence, and can not recover; provided, that you find that the scaffold was properly constructed and maintained."

If the scaffold was not properly constructed (and in this the defendant would be chargeable with negligence), yet the direct negligence of the defendants, under the rule applicable to the subject, would not necessarily render the defendants liable to the plaintiff for the injury, for, if the negligence of the plaintiff himself was the proximate cause of his injury, he can not recover of

another, whatever may be his fault. In such case it is necessary to go no further in the inquiry after finding that plaintiff has been guilty of contributory negligence, for such showing constitutes a perfect and complete defense to the action. Viewing it in this light, the instruction given as modified is manifestly erroneous. It, in effect, makes the question of the contributory negligence of the plaintiff dependent upon the negligence of the defendants, for it says, in effect, that the overloading of the scaffold by the plaintiff constituted contributory negligence on his part, but only in case the defendants had properly constructed and maintained the scaffold. The necessary inference from the language of the instruction as modified is that, if the scaffold had not been properly constructed and maintained, then the act of the plaintiff in overloading the scaffold with brick would not be contributory negligence on his part. That is not the rule, as we understand it, simply because the negligence of the defendants, whatever that may be, can not relieve the plaintiff of the consequence of his own wrong. The doctrine of comparative negligence has never obtained in this state, and contributory negligence is a perfect and complete defense, notwithstanding the negligence of the defendants.

The decree is reversed, and the cause remanded, with directions to overrule the demurrer to the complaint, and proceed not in conflict herewith.

Reversed.